Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

EDDIE JAMES HORNE
Plaintiff
(Write your full name. No more than one plaintiff may be named in a complaint.)

-v-

UNITED STATES OF AMERICA
Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)

Case No. 1:21-CV-1303-CLM-JHE
(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $402.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $402.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

1

## I. The Parties to this Complaint

### A. The Plaintiff

Provide the information below for the plaintiff named in the complaint.

Name: EDDIE JAMES HORNE

All other names by which you have been known:

ID Number: 17646-002

Current Institution: USP Marion

Address: P.O. Box 1000
Marion, IL 62959

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

Name: Warden Nash

Job or Title *(if known)*: Warden

Shield Number:

Employer: Talladega F.C.I

Address: P.O. Box 1000
Talladega, AL 35160

☑ Individual Capacity   ☑ Official Capacity

**Defendant No. 2**

Name: AW Janson

Job or Title *(if known)*: Assistant Warden

Shield Number:

Employer: Talladega F.C.I

Address: P.O. Box 1000
Talladega, AL 35160

☐ Individual Capacity   ☑ Official Capacity

2

Defendant No. 3

    Name: AW Williams

    Job or Title (if known): Assistant Warden

    Shield Number:

    Employer: Talladega F.C.I.

    Address: P.O. Box 1000

    City: Talladega    State: AL    Zip Code: 35160

    [✓] Individual Capacity    [✓] Official Capacity

Defendant No. 4

    Name: McCullen

    Job or Title (if known): R & D

    Shield Number:

    Employer: Talladega F.C.I.

    Address: P.O. Box 1000

    City: Talladega    State: AL    Zip Code: 35160

    [✓] Individual Capacity    [✓] Official Capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

    [✓] Federal officials (a *Bivens* claim)

    [✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    First Amendment

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

First Amendment

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

I had some important mail over nighted to me for $25.50, staff at Talladega withheld my mail for 21 day, reached out to the Warden, AW, R&D and no one tried to resolve the issue.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply):*

☐ Pretrial Detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☑ Convicted and sentenced federal prisoner

☐ Other
*(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Talladega, AL F.C.I
January 9, 2020

4

C. What date and approximate time did the events giving rise to your claim(s) occur?

Jan. 9, 2020

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I was unable to hire an attorney for two civil action, the staff at Talladega AL withheld my mail for 21 days that was over nighted with legal paper and a $7,500 check

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

Unable to hire attorney to handle 2 civil case seeking $1,000,000.00 on Flower Hospital, case seeking $2,000,000.00 on a Federal Probation officer, lost $7,500 due to expired and $25.50 over night cost

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Reimbursed the $25.50 over night fee, $7,500.00 for the check that expired during the 21 days period, Compensation $2,000,000.00 for the lost of cases do to unable to hire attorney with the check that was held by staff at Talladega.

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

_____
_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   USP Marion, IL

2. What did you claim in your grievance?

   to be conpensatied $2,007,525.50

3. What was the result, if any?

   N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   filed in court

F.  If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   _____

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☑ Yes

☐ No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

_____
_____
_____
_____

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ ~~Yes~~ (circled)
☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _Eddie James Horne_

   Defendant(s) _Talladega, AL F.C.I_

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ~~Talladega, AL~~ _Northern District of Alabama Eastern Division_

3. Docket or index number

   _1:20-cv-01396-KOB-SGC_

4. Name of Judge assigned to your case

   _Judge Staci G. Cornelius_

5. Approximate date of filing lawsuit

   _August 2021_

6. Is the case still pending?

   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition. _July 20, 2021_

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ~~Moved to another court~~ _dismissed without Prejudice_

9

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

Printed Name of Plaintiff   EDDIE JAMES HORNE
Prison Identification #   17646-002
Prison Address   P.O. Box 1000
                 Marion           IL       62959
                 City            State    Zip Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   9-22-21
              (Date)

*Eddie James Horne*
Signature of Plaintiff

10

Attachment A

## Administrative Remedy - Informal Resolution
### Marion, Illinois

Inmate's Name: **Eddie Horne**   Reg. No. **17696-002**   Unit: **N**   Date: **6-23-21**

NOTICE: You are advised that prior to filing a Request for Administrative Remedy [BP-9], you **MUST** attempt to informally resolve your complaint through your counselor. Please follow the three (3) steps listed below.

1. State your specific complaint: MS BYRAM FAILED TO RESPOND TO MY BP-8 FILED ON JUNE 11, 2021 STATING THAT SHE HAD MISPLACED IT OR GIVEN IT TO MR CRICKMAN. WHEN APPROACHED - MR CRICKMAN STATED THAT HE HAD NOT RECEIVED THE BP-8 FROM MS BYRAM. I ATTEMPTED TO TAKE A COPY OF THE JUNE 11, 2021 BP-8 TO MS. BYRAM TO GET SOME TYPE OF RESPONSE THAT WOULD ALLOW ME TO PURSUE MY REMEDY BEFORE MY TIME TO DO SO EXPIRED (IT EXPIRES ON JULY 1, 2021. THUS I MODIFYING THIS BP-8 SHE GAVE ME AS A

2. State what efforts you have made to informally resolve your complaint: MEANS TO REFILE THE 8 WHEN I HAVE NO TIME LEFT TO DO SO.

3. State what resolution you request: _____

Inmate's Signature: **Eddie Horne**   Date: **6-23-21**

4. Correctional Counselor's Comments (Steps to Resolve): _____

Counselor's Signature: _____   Date: _____

Unit Manager's Review: _____   Date: _____

| CASE | Received by Counselor from inmate | Attempted informal with inmate by Counselor | BP-9 given to inmate | BP-9 Delivered to Admin. Remedy Clerk |
|---|---|---|---|---|
| Date | 6/21/21 | | | 7/9/21 |
| Time | | | | 11:15 |
| Counselor's | √ | | | ME |

## Administrative Remedy - Informal Resolution
## Marion, Illinois

Inmate's Name: Eddie Horne    Reg. No. 17646-002    Unit: N    Date: June 11, 2021

NOTICE: You are advised that prior to filing a Request for Administrative Remedy (BP-9), you MUST attempt to informally resolve your complaint through your counselor. Please follow the three (3) steps listed below.

1. State your specific complaint: On Jan. 9, 2020, I had the mother of my children to over night me a copy of some legal papers and a check that was for $7,500 needed to hire an attorney for two civil suits and pictures of my children. The over-night package arrived on Jan. 10, 2020, however, warden Nash signed a 'return-to-sender' slip, and sent the check back to my children's mother, and I did not get my legal papers and pictures of my children until Jan. 31, 2020, with a copy of the 'return-to-sender' form. I sent a cop-out to Nash who passed it on to A.W. Janson, then I wrote to
Continue on Attachment

2. State what efforts you have made to informally resolve your complaint: I sent a cop-out to Warden Nash, sought a BP-8 from my counselor, Watter, which I did not get; I wrote Secretary Powell a cop-out concerning the issue of the above mentioned check which she took to R&D. The R&D officer came to me about the cop-out cursing at me; I spoke to Case Manager Blake-Gaston, as well as to A.W. Williams on this matter

3. State what resolution you request: I want to be reimbursed for the cost of the over-night ($25.50), $7,500 where the check expired during the 21 day period the check had to be cashed; and $1,000,0000.00 loss as a result of my civil actions being dismissed because of the time it took to obtain my legal papers in addition to another $1,000,000.00 for the second civil action against a federa Probation officer. A total of $2,007,525.50.

Inmate's Signature: Eddie Horne    Date: 6-11-2021

4. Correctional Counselor's Comments (Steps to Resolve): This can not be resolved at USP Marion, due to the issue happened in another institution.

Counselor's Signature: _____    Date: 6.25.21
Unit Manager's Review: SW    Date: 6/29/21

CC: Personal File

|  | Received by Counselor from inmate | Attempted informal with inmate by Counselor | BP-9 given to inmate | BP-9 Delivered to Admin. Remedy Clerk |
|---|---|---|---|---|
| Date | 6.24.21 |  |  |  |
| Time | 2:00 pm |  |  |  |
| Counselor | MC |  |  | - |

## Administrative Remedy - Informal Resolution
## Marion, Illinois

Inmate's Name: __Eddie Horne__  Reg. No. __17646-002__  Unit: __N__  Date: __June 11, 2021__

NOTICE: You are advised that prior to filing a Request for Administrative Remedy (BP-9), you **MUST** attempt to informally resolve your complaint through your counselor. Please follow the three (3) steps listed below.

1. State your specific complaint: On Jan. 9, 2020, I had the mother of my children to over night me a copy of some legal papers and a check that was for $7,500 needed to hire an attorney for two civil suits and pictures of my children. The over-night package arrived on Jan. 10, 2020, however, warden Nash signed a 'return-to-sender' slip, and sent the check back to my children's mother, and I did not get my legal papers and pictures of my children until Jan. 31, 2020, with a copy of the 'return-to-sender' form. I sent a cop-out to Nash who passed it on to A.W. Janson, then I wrote to
   Continue on Attachment

2. State what efforts you have made to informally resolve your complaint: I sent a cop-out to Warden Nash, sought a BP-8 from my counselor, Watter, which I did not get; I wrote Secretary Powell a cop-out concerning the issue of the above mentioned check which she took to R&D. The R&D officer came to me about the cop-out cursing at me; I spoke to Case Manager Blake-Gaston, as well as to A.W. Williams on this matter

3. State what resolution you request: I want to be reinbursed for the cost of the over-night ($25.50), $7,500 where the check expired during the 21 day period the check had to be cashed; and $1,000,0000.00 loss as a result of my civil actions being dismissed because of the time it took to obtain my legal papers in addition to another $1,000,000.00 for the second civil action against a federa Probation officer. A total of $2,007,525.50.

   Inmate's Signature: __Eddie Horne__  Date: __6-11-2021__

4. Correctional Counselor's Comments (Steps to Resolve): _____
   IF YOU ARE SEEKING MONETARY DAMAGES - YOU MUST FILE A TORT CLAIM

   Counselor's Signature: _____  Date: _____
   Unit Manager's Review: __SM__  Date: __7/7/21__
   CC: Personal File                                    NOTATION BELOW

|  | Received by Counselor from inmate | Attempted informal with inmate by Counselor | BP-9 given to inmate | BP-9 Delivered to Admin. Remedy Clerk |
|---|---|---|---|---|
| Date |  |  |  |  |
| Time |  |  |  |  |
| Counselor |  |  |  |  |

June 23, 2021: I went to Ms Byram' office today to obtain the response to the above BP-8 (this being a copy of same), and was told that she had misplaced the BP-8, Thus I am attaching the above to my BP-9 where Unit managment has failed to provide me a response where I must file the BP-9 by July 1, 2021.

Attachment To: Administrative Remedy - Informal Resolution

Eddie Horne # 17646-002
Dated: June 11, 2021

For four (4) months I attempted to obtain remedy forms to address this issue while I was at Talladega, after which and as a result of being denied such form, i filed a civil action to the court on the issue. Consequently, my efforts were further thwarted by my being transferred to this institution (Marion USP). This is my attempt to pursue this issue to resolution.

CC: Personal File

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 9, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MARION USP

TO  : EDDIE JAMES HORNE, 17646-002
      MARION USP    UNT: UM NORTH    QTR: N01-101U
      P.O. BOX 2000
      MARION, IL 62959

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 1087359-F1     ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : JULY 9, 2021
SUBJECT 1       : CORRESPONDENCE - REJECTION OR CONFISCATION
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REJECT REASON 2: YOUR REQUEST IS UNTIMELY. INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS         : THE EVENT COMPLAINED ABOUT TOOK PLACE JAN 2020 AT
                  FCI TALLADEGA

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Eddie Horne__ __17646-002__ __N__ __June 23, 2021__
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.       UNIT       INSTITUTION

**Part A– INMATE REQUEST** I filed the attached BP-8 on June 11, 2021 seeking to exhaust my administrative remedies where it is mandatory to do so inorder to follow up the issue in the court(s). I went to Ms. Byram to obtain a resonse to the BP-8 and was told that she had misplaced the BP-8 (she claimed that she had given it to Mr. Crickmen to respond to but when I spoke to him about it he had no idea what I was talking about). According to Mr. Crickmen, my attempt to exhaust my remedies on the issue in the attached BP-8, such attempt would cause me to be placed in 'I-Block' for exercising my first amendment right to address unresolved issue in the court(s). It is clear that the BOP will not address this issue and that my being transferred to this institution was designed to prevent me from doing so. However, thwarting my ability to exhaust my remedies serves this institution no useful purpose. I simply need a response to this BP-9, no matter what it may be.

***See Attached BP-8***

__6-23-2021__                                        __Eddie Horne__
     DATE                                          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

Received by Admin Remedy Clerk
USP Marion
Date: 7/9/21

_____                       _____
        DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE      CASE NUMBER: __108359-F1__

                                                    CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____                      _____
     DATE                                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                              BP–229(13)
                                                                     APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 22, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : EDDIE JAMES HORNE, 17646-002
      MARION USP    UNT: UM NORTH    QTR: N01-101U
      P.O. BOX 2000
      MARION, IL 62959


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

```
REMEDY ID       : 1087359-R1       REGIONAL APPEAL
DATE RECEIVED   : JULY 22, 2021
SUBJECT 1       : CORRESPONDENCE - REJECTION OR CONFISCATION
SUBJECT 2       :
INCIDENT RPT NO:
```

REJECT REASON 1: YOUR APPEAL IS UNTIMELY. REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT. THIS TIME
                 INCLUDES MAIL TIME.



**U.S. Department of Justice**　　　　　　　　　　　　　　　**Regional Administrative Remedy Appeal**
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __HORNE, EDDIE J.__　　　　　__17006-002__　　__N__　　__USP Marion__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A - REASON FOR APPEAL**  My BP-8 and 9 were rejected by the warden predicated on the assumption that I had filed my complaint in an untimely manner. However, the warden did not take into consideration that I had 'valid reason(s)' for filing out of time as follows:

(1) I was transferred here from Talladega before I could file my complaint there;
(2) The time in transit separated me from documents needed to prepare a BP-8/9;
(3) I was further constrained from filing my complaint in a timely manner as a result of the time it took to get my property once I arrived at Marion.

Accordingly, and as provided by BOP Pgrm. Stmt. #1330.18(8)(b), tolling of the time to file my complaint should have been effected and an effective response to my BP-9 should have been provided. I therefore request a review of the issue of of my complaint and an adequate response be given.

__7-19-21__　　　　　　　　　　　　　　　　　　　__Eddie J. Horne__
DATE　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**




_____　　　　　　　　　　　　_____
　　DATE　　　　　　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY　　　　　　　　　　CASE NUMBER: _____

**Part C - RECEIPT**　　　　　　　　　　　　　　　　CASE NUMBER: __1067359-R1__

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION
SUBJECT: _____

_____　　　　　　　　_____
　　DATE　　　　　　　　　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN-LVN　　　　　　　　　　　　　　　　　　　　　　　　　　　　BP-230(13) JUNE 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 7, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : EDDIE JAMES HORNE, 17646-002
      MARION USP    UNT: RDAP NORTH    QTR: Y01-905U
      P.O. BOX 2000
      MARION, IL 62959


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 1087359-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED    : AUGUST 19, 2021
SUBJECT 1        : CORRESPONDENCE - REJECTION OR CONFISCATION
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Horne, Eddie J       17646-002       N       USP Marion
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** IN REGARD OF THE RESPONSES OF UNTIMELY JAN. 2020, I WAS UNABLE TO EXHAUST MY ADMINISTRATIVE REMEDY IN TALLADEGA, AL BECAUSE THE STAFF THERE DID NOT GIVE ME THE FORMS TO DO SO. SO I FILED IN COURT AUG. 24, 2020 DUE TO BEING UNABLE TO RESOLVE THIS ISSUE AT TALLADEGA, AL ; I WAS TRANSFERRED HERE TO MARION, IL AND WAS ABLE TO GET THE FORMS I NEED TO EXHAUST MY REMEDY, MY CASE WAS " DISMISSED WITHOUT PREJUDICE " JULY 20, 2021 DUE TO FAILED TO EXHAUST MY ADMINISTRATIVE REMEDY UNDER THE FEDERAL TORT CLAIM ACT.

8-8-21                              Eddie J Horne
DATE                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
AUG 19 2021
Administrative Remedy Section
Federal Bureau of Prisons

_____                 GENERAL COUNSEL
DATE                                CASE NUMBER: 1087359
FIRST COPY: WASHINGTON FILE COPY

**Part C - RECEIPT**
                                    CASE NUMBER: _____

Return to: _____  _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.  UNIT   INSTITUTION

SUBJECT: _____

_____                 _____
DATE                                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN                                                    BP-231(13)
                                                           JUNE 2002